**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04073-NYW

SEBASTIAN NKOGO MANGUE,

Petitioner,

v.

JUAN BALTASAR,
GEORGE VALDEZ,
MARKWAYNE MULLIN, and
TODD BLANCHE,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 6], and Petitioner has replied, [Doc. 9]. For the following reasons, the Petition is **GRANTED**.

## BACKGROUND

Petitioner Sebastian Nkogo Mangue ("Petitioner" or "Mr. Nkogo Mangue") is a citizen of Equatorial Guinea who has been present in the United States since 2024. [Doc. 1 at ¶ 1]. When he entered the country, he was apprehended by border patrol agents and placed in removal proceedings. [*Id.*]. He was released from custody and enrolled in the Intensive Supervision Appearance Program Alternatives to Detention Program. [*Id.*]. He complied with all conditions of his release. [*Id.*].

At a scheduled ICE check-in on August 10, 2026, Petitioner was detained by ICE officers. [*Id.* at ¶ 2]. ICE did not have a pre-arrest warrant and did not provide

Petitioner a pre-deprivation hearing. [*Id.* at ¶ 4].

Petitioner brings one due process claim arguing that his detention is unlawful. [*Id.* at ¶¶ 44–50]. He seeks immediate release. [*Id.* at 12]. Respondents declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognize that the Court may then decide to grant the Petition and award appropriate relief." [Doc. 6 at 1–2].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

The exact nature of Petitioner's habeas claim is unclear. Although he asserts that he was arrested without a pre-arrest warrant and without a pre-deprivation hearing, *see* [Doc. 1 at ¶ 4], his due process arguments are not clearly tied to these allegations, *see* [*id.* at ¶¶ 44–50]. He appears to suggest that the Court should analyze his due process claim using the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), *see* [Doc. 1 at ¶ 43], and the Court will do so. *See Ba v. Hagan*, No. 26-cv-04047-PAB, 2026 WL 2654063, at *1 (D. Colo. Sept. 9, 2026) (another court in this District doing the

same in a similar case); *Hilario Yucra v. Baltazar*, No. 26-cv-03332-PAB, 2026 WL 2247748, at *1 (D. Colo. Aug. 4, 2026) (same).[1]

Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest—freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This weighs in favor of Petitioner. *Ba*, 2026 WL 2654063, at *1.

Relevant to the second *Mathews* factor "is the fact that [Mr. Nkogo Mangue] was previously released on his own recognizance." *Id.* This necessarily required a finding that Petitioner was not a danger to the community or a flight risk. *See id.* Furthermore,

[1] Courts in this District, including this Court, have recognized that, in certain circumstances, administrative regulations impose requirements that must be met before a non-citizen's supervision or parole is revoked and that a violation of ICE regulations constitutes a due process violation. *See, e.g.*, *Hernandez Lopez v. Baltazar*, No. 26-cv-03929-NYW, 2026 WL 2754083, at *2 (D. Colo. Sept. 17, 2026); *Rojas-Ospina v. Baltazar*, No. 26-cv-02075-NYW, 2026 WL 1601680, at *2–3 (D. Colo. June 4, 2026). Petitioner does not argue that any particular regulations apply to the revocation of his supervision, *see generally* [Doc. 1], so the Court does not address this issue, *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) (a court cannot make arguments on behalf of a party).

Respondents do not contest that Petitioner's supervision was revoked without a pre-deprivation hearing and without any stated reason. [Doc. 6]. Nor do Respondents now assert any basis for the revocation. [*Id.*]. "Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest." *Hilario Yucra*, 2026 WL 2247748, at *1; *see also Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding that the risk of erroneous deprivation was "considerable" where it "appear[ed] to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"). This factor weighs in favor of Mr. Nkogo Mangue. *Ba*, 2026 WL 2654063, at *1.

Finally, the Court considers the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens in play. *See* [Doc. 6]. This Court agrees with other courts concluding that "the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies [Mr. Nkogo Mangue's] re-detention is low when compared to [his] interest in being free from the erroneous deprivation of [his] liberty." *Ba*, 2026 WL 2654063, at *2; *see also Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue." (cleaned up)).

Weighing the *Mathews* factors, the Court finds that Petitioner's due process rights were violated. Respondents provide no argument to the contrary and have thus waived any argument in opposition. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). The Court **GRANTS** the Petition and **ORDERS** that Petitioner be immediately released **within 48 hours of the entry of this Order**. *See Ba*, 2026 WL 2654063, at *2; *Hilario Yucra*, 2026 WL 2247748, at *2. On or before **October 1, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether any further proceedings are required.

**CONCLUSION**

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED**;

(2) Respondents **SHALL RELEASE** Petitioner within **48 hours of the entry of this Order**; and

(3) On or before **October 1, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether any further proceedings in this case are required.

DATED: September 25, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge